## SAMSON v. UNITED STATES.

District Court, S. D. New York.

Dec. 26, 1947.

Henry S. Miller, of New York City, for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City (Nathan Skolnik, Asst. U. S. Atty., of New York City, of counsel), for the United States.

GODDARD, District Judge.

This is a motion by the defendant to dismiss the complaint in the above entitled suit upon the ground that the court lacks jurisdiction over the subject matter.

The suit is brought under the Federal Tort Claims Act, Title IV, Legislative Reorganization Act of 1946, Public Law 601, 79th Congress, Second Session, approved August 2, 1946, 28 U.S.C.A. § 921 et seq. by Abraham Samson, as Administrator of his deceased son's estate. Two causes of action are alleged; the first seeks recovery of damages for injuries sustained by plaintiff's intestate; and the second, for his death.

The complaint alleges that Harry Samson, the deceased, was at the time of the accident which resulted in his injuries and subsequent death, a private in the United States Army stationed at Fort Dix, New Jersey; that on or about August 10, 1946 he boarded a passenger bus operated in and about Fort Dix by the War Department; that while a passenger he was precipitated from the bus as a result of the negligence of the defendant.

The sole question raised by this motion is whether the suit may be maintained under the Federal Tort Claims Act.[1] The apparent purpose of the Federal Tort

---

[1] 28 U.S.C.A. § 931. "Jurisdiction; liability of United States; judgment; election by claimant; amount of suit; administrative disposition as evidence.

"(a) Subject to the provisions of this chapter, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, including the United States district courts for the Territories and possessions of the United States, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this chapter, the United States shall be liable in respect of such claims to the same claimants, in the same manner, and to the same extent as a private individual under like circumstances, except that the United States shall not be liable for interest prior to judgment, or for punitive damages: * * * Costs shall be allowed in all courts to the successful claimant to the same extent as if the United States were a private litigant, except that such costs shall not include attorneys' fees.

"(b) The judgment in such an action shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the Government whose act or omission gave rise to the claim. No suit shall be instituted pursuant to this section upon a claim presented to any Federal agency pursuant to subchapter I of this chapter unless such Federal agency has made final disposition of the claim: Provided, That the claimant may, upon fifteen days' notice given in writing, withdraw the claim from consideration of the Federal agency and commence suit thereon pursuant to this section: Provided further, That as to any claim so disposed of or so withdrawn, no suit shall be instituted pursuant to this section for any sum in excess of the amount of the claim presented to the Federal agency, except where the increased amount of the claim is shown to be based upon newly discovered evidence not reasonably discoverable at the time of presentation of the claim to the Federal agency or upon evidence of intervening facts, relating to the amount of the claim. Disposition of

408

Claims Act was to do away with the system of resorting to the introduction in Congress of private tort claim bills for awards to one who had suffered as a result of a tort by the United States, its agent or employees. Until the enactment of this Act [with certain exceptions for the adjustment of claims in limited amounts by administrative procedure] Congress was burdened with a large number of private claim bills as that was the only remedy open to a tort claimant.

Section 424(a) of the Federal Tort Claims Act repealed prior miscellaneous methods of disposing of claims for personal injuries or death caused by the negligence of an employee of the United States while acting within the scope of his office or employment and specifically repealed among other Acts, the Military Personnel Claims Act of July 3, 1943, Chapter 189, Section 1, 57 Stat. 372, as amended May 29, 1945 by Chapter 135, Sections 1, 4, 59 Stat. 225, as amended June 28, 1946, Chapter 514, Section 1, 60 Stat. 332, which became Section 223b of Title 31 U.S.C.A.

■ The Federal Tort Claims Act must therefore be construed in the light of the law which it supplanted. Borough of Fort Lee v. United States ex rel. Barker, 3 Cir., 104 F.2d 275, certiorari dismissed 308 U.S. 629, 60 S.Ct. 136, 84 L.Ed. 525; The Penza, 2 Cir., 9 F.2d 527; United States v. Stewart, 311 U.S. 60, 64, 61 S.Ct. 102, 85 L.Ed. 40; Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180, 30 L.R.A.,N.S., 1153, 21 Ann.Cas. 921.

Section 223b of the Military Claims Act authorized the Secretary of War or his designee to adjust and pay in amount not in excess of $1,000 any claim against the United States arising on or after May 27, 1941 for damages to property and for personal injury or death caused by military personnel or civilian employees of the War Department or of the Army while acting within the scope of their employment or otherwise incident to non-combat activities

of the War Department or of the Army. It further provided that "The provisions of this Act shall not be applicable to claims arising in foreign countries or possessions thereof which are cognizable under the provisions of the Act of January 2, 1942 [55 Stat. 880, 31 U.S.C. § 224d, 31 U.S.C.A. § 224d] as amended, or to claims for personal injury or death of military personnel or civilian employees of the War Department or of the Army if such injury or death occurs incident to their service. The Secretary of War may report such claims as exceed $1,000 to Congress for its consideration."

It is evident that since Congress specifically excluded military personnel whose claims were based on personal injury or death which occurred incident to their [the claimant's] service, it must be that Congress considered military personnel whose claims were not incident to service and intended such claimants to be within the general coverage of the Act.

■ It is settled that that which is implied or is within the intention of the law-makers is as much a part of the statute as that which is expressed. United States v. Freeman, 44 U.S. 556, 11 L.Ed. 724; Union Telegraph Co. v. Eyser, 86 U.S. 419, 22 L.Ed. 43; Wilson County v. Third National Bank, 103 U.S. 770, 26 L. Ed. 488; Graves v. New York, ex rel. O'Keefe, 306 U.S. 466, 59 S.Ct. 595, 83 L. Ed. 927, 120 A.L.R. 1466.

The Military Claims Act provided for claims by military personnel arising from injury or death sustained otherwise than as an incident to their services. These claims could be settled if claimant agreed to accept the prevailing limited amount. If the claimant, whether a member of the military forces or a civilian, had a claim exceeding the amount which the Secretary of War could settle, then the Secretary of War could report it to Congress so that Congress might take appropriate action in respect to a private claim bill. See Tort and Implied Contract Liability of the Fed-

any claim made pursuant to said subchapter shall not be competent evidence of liability or amount of damage in pro-

ceedings on such claim pursuant to this section. Aug. 2, 1946, c. 753, Title IV, § 410, 60 Stat. 843."

eral Government by Leslie Anderson, 30 Minnesota Law Review 182.

Thus prior to the enactment of the Federal Tort Claims Act redress for the injury or death of a member of the military forces, as well as that of a civilian, might be had by means of a private bill if the injury or death had not been sustained as an incident to the injured or deceased person's services as military personnel or as civilian employees of the War Department or of the Army.

The Federal Tort Claims Act continued the authority of heads of Federal agencies to settle claims up to the amount of $1,000. But it added a new right, namely—where the tort claim exceeded that limit, the claimant might bring suit against the United States on a claim arising out of the negligent act of a Government employee while acting within the scope of their office or employment, under circumstances where the United States, if a private person would be liable, and where, until the passage of this Act, the claimant would have had to resort to a private claim bill of Congress.

The Senate Committee in its report said —"This title waives with certain limitations governmental immunity to suit in tort and permits suits on tort claims to be brought against the United States. It is complimentary to the provision in Title I banning private bills and resolutions in Congress, leaving claimants to their remedy under this Title."

Senate Report #1400 on the Legislative Reorganization Act of 1946, 79th Congress, 2nd Session, p. 29, printed in United States Congress Documents 79th Congress 1946, Vol. 28. When Congress repealed the Military Claims Act it is evident that Congress intended that a claimant who was eligible to seek redress by way of a private claim bill now might sue under the Federal Tort Claims Act if claimant fulfilled the other conditions.

The present claimant was eligible under the former Military Claims Act to seek redress by a private claim bill since his injury did not occur incident to his service. He alleges negligence on the part of the Government employee acting within the scope of his employment; also circumstances where the United States, if a private person, would be liable. There is no doubt that if the bus service had been operated by a private person it would have been liable, provided plaintiff had a good cause of action.

The Government relies upon Dobson v. United States, 2 Cir., 27 F.2d 807 certiorari denied 278 U.S. 653, 49 S.Ct. 179, 73 L.Ed. 563, and Bradey v. United States, 2 Cir., 151 F.2d 742. Each of these cases involved members of the United States Navy whose injury or death occurred while they were aboard ship serving as an officer or member of the crew on a war ship of the United States Navy and it was held that because of compensation otherwise provided officers and enlisted men in the Navy, they were excluded from the Public Vessels Act, 46 U.S.C.A. § 781 et seq. In the case at bar the deceased did not receive his injury as an incident to his service. At the time of his accident he was merely a passenger in a bus operated by the War Department. The fact that he was wearing his army uniform did not exclude him from his right to sue. Furthermore, neither Dobson nor Bradey could now avail themselves of the Federal Tort Claims Act as under existing statutes their claims would be treated as having arisen from injuries incident to their service, or under the Federal Tort Claims Act as having arisen out of "combatant activities of the military or naval forces".

The motion to dismiss the complaint is denied.

Settle order on notice.

December 26, 1947.