## HERRING v. UNITED STATES.
### Civ. A. No. 3147.

United States District Court
D. Colorado.
June 20, 1951.

Elwood M. Haynie, Colorado Springs, Colo., for plaintiff.

Max M. Bulkeley, U. S. Atty. for District of Colorado, and Henry E. Lutz, Asst. U. S. Atty. for District of Colorado, Denver, Colo., for defendant.

KNOUS, District Judge.

The plaintiff brought an action against the United States of America pursuant to Title 28 U.S.C.A. § 1346(b), generally referred to as the Federal Tort Claims Act. Broadly speaking, the complaint alleges that while the plaintiff was a patient in a government hospital, she was negligently cared for and sustained serious injuries as a result of such negligent care. It appears from the files that plaintiff was admitted to the hospital as a dependent relative (wife) of a member of the armed forces. Since she herself had been at one time a member of the Women's Army Auxiliary, it is possible that after her admission her status may have been changed to that of a veteran. However, it is certain that at the times involved herein she was not on active duty in the armed forces.

The government has moved for a summary judgment. The motion is based on two grounds. The first is that the Federal Tort Claims Act does not cover injuries which arise out of or are incident to the military service, and that these are such injuries. The second is that even if such injuries were covered by the Act, the substantive law of Colorado precludes recovery against hospital authorities for injuries resulting from negligent treatment which may have been administered in such hospital.

▆▆▆▆ There can be no argument with the government's contention that the Federal Tort Claims Act does not impose liability on the United States for injuries to members of the armed forces which arise out of or are incident to active military service. Feres v. United States, 1940, 340 U.S. 135, 71 S.Ct. 153. However, the court must take issue with the government's argument that the injuries complained of herein arose out of or were incidental to the military service. Surely, it cannot be stated as a matter of law that where a civilian obtains entrance to a government hospital, because a member of her family is in the military service, or because she herself is a veteran, any injury she might suffer as a patient in that hospital arises out of or is incidental to the military service. The Feres case, on which the government relies, does certainly not promulgate such a rule. As a matter of fact, such a holding would preclude the very test which it seems the United States Supreme Court has established to determine whether or not an injury, for which recovery is sought under the Act, does arise out of or is incidental to the military service. The determining factor appears to be the status of the injured party. Thus, the first fact pointed out by Mr. Justice Jackson in the Feres case is that the injured party therein, as well as the injured parties in the two companion cases, were soldiers on active duty.

In Brooks v. United States, 1949, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, the United States Supreme Court allowed recovery to a soldier who received his injury while on furlough. If an injury which a soldier received during war time, while he was home on furlough (subject to military regulations and call at any time), does not arise out of and is not incidental to military service, then certainly the same thing can be said for an injury to a civilian which occurred several years after the war was over. This argument can be even further fortified by the fact that in the Brooks case, where recovery was permitted to a soldier, the injury was caused by an United States Army truck. This last factor, and the stress which the Supreme Court put on the distinction between a soldier on active duty and a soldier on furlough, indicate that the source and circumstances of the injury are relatively unimportant in judicial determination whether the wrong arose out of or was incidental to military service. The Brooks case stands unimpeached and is as much the law of the land today as it was in 1949. It requires this court to hold, on the basis of the documents which the court may consider on motion for summary judgment, that plaintiff's injuries did not arise from and were not incidental to military service.

▆▆▆▆ The government relies on Schwalb v. Connely, 1947, 116 Colo. 195, 179 P.2d 667, to support its second contention that the substantive law of Colorado precludes recovery in this case, irrespective of the

Federal Tort Claims Act. The Schwalb case simply held that when a municipal corporation performs acts for the preservation of the public health, it is engaged in a governmental activity and cannot be held liable for any wrongs connected therewith and injuries resulting therefrom. On the other hand, the Tort Claims Act puts liability on the United States for certain torts to the same extent as a private individual would be liable under the same circumstances. The Schwalb case does not hold that a private individual, the status in which the United States is placed by the Tort Claims Act is not liable for such of his or its torts as are connected with hospital activities. It seems obvious that if the alleged cause of action in the Schwalb case had arisen in a private hospital, rather than in one under the jurisdiction and administration of the City and County of Denver as a governmental agency, the case would not have been disposed of on the theory followed.

More analogous to the proceeding at bar is the case of Costley v. United States, 5 Cir., 181 F.2d 723, wherein the government was held liable for injuries to the wife of a Master Sergeant who was admitted to the maternity ward of an Army hospital and while a patient there was negligently given a harmful substance causing permanent paralysis rather than the spinal anaesthesia intended.

■ Attention is also called to the language of the opinion in the recent case of United States v. Yellow Cab Company, 340 U.S. 543, 548, 71 S.Ct. 399, 404, wherein, concerning the Tort Claims Act, it is said: "This Act does not subject the Government to a previously unrecognized type of obligation. Through hundreds of private relief acts, each Congress for many years has recognized the Government's obligation to pay claims on account of damage to or loss of property or on account of personal injury or death caused by negligent or wrongful acts of employees of the Government. This Act merely substitutes the District Courts for Congress as the agency to determine the validity and amount of the claims. It suggests no reason for reading

into it fine distinctions between various types of such claims."

Thus, in view of the fact that plaintiff's injuries did not arise out of and were not incidental to the military service, and because the Federal Tort Claims Act puts liability on the United States in the same manner as private persons are liable in this type of situation, rather than in the same manner as municipal corporations would be liable, the defendant's motion for summary judgment must be denied.