## LUND v. UNITED STATES.

### Civ. A. 50–259.

United States District Court
D. Massachusetts.

Feb. 5, 1952.

Max S. Ficksman, Sidney Heimberg, Boston, Mass., for plaintiff.

George F. Garrity, U. S. Atty., Edward F. McLaughlin, Jr., Asst. U. S. Atty., Boston, Mass., for defendant.

McCARTHY, District Judge.

This is an action brought under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., to recover for damage to the personal property of the plaintiff.

The incident out of which the suit arises occurred on September 4, 1948, at the Naval Air Station in Squantum, Massachu-

setts. The facts are as follows. The plaintiff was on the critical date an Ensign, A–3, U.S.N.R.—O, who was ordered to active duty for fourteen days' training with pay and allowances in accordance with proper United States Navy orders. He was scheduled to take a training flight and, prior to reporting to the "ready room", he parked his automobile in a parking area behind the Bachelor Officers' Quarters. This parking area was between fifty and seventy-five feet from an airplane parking area. Vehicles belonging to other officers were also standing in the designated parking area.

The plaintiff, a duly trained and qualified pilot, testified that it was customary to start the motors of airplanes in the airplane parking area, and to use only such power as was necessary to taxi them away from buildings, vehicles and other property nearby before "revving" the engines. The purpose of using this limited amount of power was to avoid having airplane propeller-wash throw stones and sand against property nearby.

When the plaintiff returned from his flight on the same day he found the surface of his car pitted and dented. Other vehicles around it were in the same condition. The expense incurred in repairing the plaintiff's property amounted to $80.

The only reasonable explanation for the peculiar damage to this vehicle is that some person started an airplane in the airplane parking area, then caused the engine or engines to turn over at such speed that the plane's propeller-wash threw stones and sand against the plaintiff's property which was properly parked in a space designated by the Navy for that purpose. Had the airplane been taxied properly no damage would have occurred.

There has been no evidence as to the identity of the person whose operation of the plane caused the damage. The Air Station, however, was under the Navy's control and direction, and the defendant has offered nothing to counter the inference that the person was an employee of the Government acting within the scope of his employment. Watson v. United States, D.C., 90 F.Supp. 900, 902.

There was a duty upon the defendant to use reasonable care while taxiing planes in the vicinity of the automobile parking area. The defendant failed to use such care and as a result of such failure the damage of which the plaintiff complains occurred. The plaintiff was guilty of no negligence which contributed to the damage. He was not bound to foresee that someone would warm up airplane motors to the extent of "revving" them to full power without regard for the safety of property nearby.

The defendant has argued that the action should be dismissed, contending that the Government is not liable under the Federal Tort Claims Act for injuries to the property of a serviceman on active duty.

It was held in Feres, Executrix v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152, that the Government is not liable under this Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service, the Court there stating that "We do not think that Congress, in drafting this Act, created a new cause of action dependent on local law for service-connected injuries or death due to negligence."

In Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, the Court decided that members of the United States armed forces could recover under the Act for injuries which were not incident to their service.

This case differs on its facts since we are here concerned with damage to the *personal property* of a member of the armed forces rather than with personal injury or death.

The case is not without difficulty. It is clear, however, that the plaintiff had the right to and did select the means of transportation used by him to arrive at his duty station. He was required by the Navy to be at the Air Station on the critical date to take a training flight, but the Government did not care whether he traveled there by street car, bus, or private vehicle. He chose to use his own automobile, which choice he made in furtherance of his own purposes. I conclude, therefore, that the use of the motor vehicle, and the act of

parking it in a designated area were not "incident to" his service, and that the Feres, Executrix v. United States decision, supra, does not bar recovery. The vehicle was not employed by him in the performance of his duties as a member of the Armed Forces, nor was it used by him during the time that he was engaged in performing those duties. The use of a privately-owned automobile does not "arise out of the military service of the plaintiff".

 I conclude that the case is within the jurisdiction of this Court by virtue of the Federal Tort Claims Act, 28 U.S. C.A. § 2671 et seq.; that the injury to the property of the plaintiff was caused by the negligence of an employee of the defendant acting within the scope of his employment, and that judgment should be entered in favor of the plaintiff in the amount of $80.