## PETTIS v. UNITED STATES.
### No. 31109.

United States District Court
N. D. California, S. D.
Nov. 14, 1952.

Frank C. S. Pederson, San Francisco, Cal., for plaintiff.

Chauncey Tramutolo, U. S. Atty., and John G. Doll, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff is a nurse who served in the United States Army during the recent World War. She received her honorable discharge in 1946 after serving for a period of more than three years on active duty. She has brought the present action against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., for injuries alleged to have been sustained as the result of negligence on the part of agents of the Veterans' Administration who performed an operation on defendant in the Veterans Administration hospital, San Francisco, California, December 12, 1950. Plaintiff gained admission to the hospital in accordance with her rights under 38 U.S.

C.A. § 706,[1] which provides benefits to wartime veterans.

On April 25, 1951, plaintiff filed with the Veterans' Administration her application for compensation under 38 U.S.C.A. § 501a. Thereafter, and subsequent to her filing the instant action, she requested that no action be taken by the Veterans' Administration on her compensation application.

Defendant has moved the court for summary judgment on the ground that plaintiff is limited to recovery under the veterans' compensation provisions set forth in 38 U.S.C.A. § 501a,[2] covering service-connected disabilities.

Defendant contends that plaintiff may not sue under the Tort Claims Act because Congress did not create a new cause of action for recovery against the government where a complete system of uniform compensation already existed. Defendant points out that the veterans' service-connected compensation system covers conduct on the part of government agents which constitutes actionable negligence although the compensation provisions are broader in scope than actionable negligence under the usual tort theory.[3] The compensation is closely analogous to that provided by the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq.

Is plaintiff relegated to her remedy under the Veterans' compensation provisions, or may she sue in the alternative under the Tort Claims Act? Under the provisions of 38 U.S.C.A. § 501a, supra, plaintiff suffered a service-connected injury or disability when she was hospitalized and underwent surgical treatment at the Veterans' Hospital. Thus, under the Supreme Court decision in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, plaintiff is precluded from suing under the Tort Claims Act. As stated by Justice Jackson, reviewing the history of the Tort Claims Act and its application to military personnel, 340 U.S. at page 144, 71 S.Ct. at page 158, 95 L.Ed. 152:

"If Congress had contemplated that this Tort Act would be held to apply in cases of this kind, it is difficult to see why it should have omitted any provision to adjust these two types of remedy to each other (compensation versus tort claim). The absence of any such adjustment is persuasive that there was no awareness that the Act might be interpreted to permit recovery for injuries incident to military service."

The primary purpose of the Tort Claims Act was to extend a remedy to persons who theretofore had lacked one; it was not enacted to create additional causes of action for those covered by adequate compensation.

[2] In its recent opinion in Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, the court ruled consistent with its own decision in the Feres case by holding that the Federal Employees' Compensation Act is

1. " * * * any veteran of any war who was not dishonorably discharged, suffering from disability, disease or defect, who is in need of hospitalization or domiciliary care and is unable to defray the necessary expenses therefor * * * shall be furnished necessary hospitalization * * *.

2. "Where any veteran suffers or has suffered an injury, or an aggravation of any existing injury, as the result of hospitalization or medical or surgical treatment, awarded him under any of the laws granting monetary or other benefits to World War veterans, or as the result of having submitted to examination under authority of the War Risk Insurance Act or this chapter, and not the result of his misconduct, and such injury or aggravation results in additional disability to or the death of such veteran, the benefits of sections 471a, 473a, and 701–703, 704, 705, 706, 707–715, 716–721 of this title, and sections 30a, 485 of Title 5 shall be awarded in the same manner as if such disability, aggravation, or death were service connected within the meaning of such laws; except that no benefits under this section shall be awarded unless application be made therefor within two years after such injury or aggravation was suffered, or such death occurred, or after March 28, 1934, whichever is the later date. The benefits of this section shall be in lieu of the benefits under sections 751–791, 793 of Title 5."

3. 38 U.S.C.A. Ch. 12.

502

the exclusive remedy for seamen employees of the government who might otherwise be permitted to maintain libels in admiralty under the Public Vessels Act.

Since there exists a veterans' compensation system which assures protection to plaintiff at least as broad in scope as the Tort Claims Act, she is limited to her recovery under the veterans' compensation system which affords the exclusive remedy to plaintiff.

Accordingly, it is ordered that defendant's motion for summary judgment be, and the same hereby is, granted.