## UNITED STATES v. MEYER.

## MEYER v. UNITED STATES.

### No. 13803.

United States Court of Appeals, Fifth Circuit.

Nov. 29, 1952.

Brian S. Odem, U. S. Atty., and William G. Winters, Jr., Asst. U. S. Atty., Houston, Tex., Leavenworth Colby, Sp. Asst. to Atty. Gen., Admiralty and Shipping Section, Washington, D. C., for appellant, appellee.

Arthur J. Mandell, Houston, Tex., for appellee, appellant.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

PER CURIAM.

The decedent, a federal civil service employee, serving as a bin-tender on a dredge operated by the United States Engineers, was killed in the service of the vessel, leaving a dependent father. The decedent's administrator first filed claim and collected burial benefits under the Compensation Act. He then brought a suit against the United States for wrongful death in which appellee, the present administrator, was substituted.

The district judge, rejecting the contention of the United States that the Federal Employees' Compensation Act, 5 U.S. C.A. § 751 et seq., furnished the sole and exclusive remedy, gave judgment for the libellant, and the United States appealed, presenting that contention as the sole question for our decision.

After the appeal had been lodged here, the Supreme Court, in Johansen v. United States ( Mandel, Administrator, v. United States,) 343 U.S. 427, 72 S.Ct. 849, considered the question and answered it in

accordance with the contention appellant makes here.

The judgment appealed from is accordingly reversed and the cause is remanded with instructions to dismiss the libel for failure to state a cause of action, but without prejudice to the right of the decedent's dependent father to renew his claim for compensation in accordance with the proviso to Section 303(g) of the Act of October 14, 1949, c. 691, 63 Stat. 866, 5 U.S. C.A. § 757 note.

Reversed and remanded with instructions.