**O'NEIL et al. v. UNITED STATES.**

**No. 11368.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 19, 1953.

Decided Feb. 19, 1953.

Paul R. Connolly, Washington, D. C., with whom Edmund L. Jones and Howard Boyd, Washington, D. C., were on the brief, for appellants. Joseph M. F. Ryan, Jr., Washington, D. C., also entered an appearance for appellants.

William R. Glendon, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., Ross O'Donoghue, Asst. U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., when the brief was filed, were on the brief, for appellee. William E. Kirk, Jr., Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK, and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant Arthur B. O'Neil, a veteran of the First World War, had a skin allergy in 1949. Though his illness was not service connected, his war service entitled him under the World War Veterans' Act, 1924, 38 U.S.C.A. § 421 et seq., 43 Stat. 607, to treatment in a Veterans' Administration facility. 38 U.S.C.A. § 706, 49 Stat. 729. He accordingly entered a naval hospital. There he was given an overdose of epinephrine which caused a disabling cardiac condition. Because this disability resulted from hospitalization and treatment as a veteran he was entitled to compensation from the United States "as if such disability * * * were service connected * * *." 38 U.S.C.A. § 501a, 48 Stat. 526. He asked for and received an award of compensation for 100% disability. The United States now pays him $171 a month on this award.

■ He brought this suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., 62 Stat. 982, and appeals from an order granting the government's motion for judgment on the pleadings. We think the District Court was right. Feres v. United States, 1950, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051. Cf. Lewis v. United States, 1951, 89 U.S. App.D.C. 21, 190 F.2d 22.

The Court ruled in Feres that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at page 146, 71 S.Ct. at page 159, 95 L.Ed. 152. Though this ruling does not directly cover ex-servicemen, and some parts of the Court's reasoning do not apply to them, we think the basic principle of the case covers this appeal. In Johansen v. United States, 343 U.S. 427, 439, 440, 72 S. Ct. 849, 856, 96 L.Ed. 1051 the Court said:

"There is no reason to have two systems of redress. * * * This Court accepted the principle of the exclusive character of federal plans for compensation in Feres v. United States * * *."

Moreover, appellant's service led him to get treatment for his allergy in a government hospital and the treatment he got there caused his disability. Accordingly it may be said that his disability did, though his allergy did not, "arise out of * * * activity incident to service." The facts in Brooks v. United States, 1949, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, on which appellant relies, were quite different. Two brothers, both servicemen, were on leave and traveling on a public road when their automobile was struck by an Army truck. As the Court said, their injuries were "not caused by their service except in the sense that all human events depend upon what has already transpired." 337 U.S. at page 52, 69 S.Ct. at page 920.

Our decision agrees with Pettis v. United States, D.C.N.D.Cal.1952, 108 F.Supp. 500. Santana v. United States, 1 Cir., 1949, 175 F.2d 320, contra, was decided before the Feres case.

■ The claim of appellant Bertha F. O'Neil, the veteran's wife, for loss of consortium fails because the law of Maryland, where the injury occurred, does not recognize such a claim. Emerson v. Taylor, 133 Md. 192, 104 A. 538, 5 A.L.R. 1045. The fact that the appellants live in the District of Columbia does not make Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, applicable. The District Courts have jurisdiction only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b), 63 Stat. 62.

Affirmed.