### UNITED STATES v. FIRTH.
### No. 13524.

United States Court of Appeals
Ninth Circuit.
Oct. 26, 1953.

---

Warren E. Burger, Asst. Atty. Gen., Washington, D. C., Leavenworth Colby, Sp. Asst. to Atty. Gen., Washington, D. C., Lloyd H. Burke, U. S. Atty., San Francisco, Cal., Keith R. Ferguson, Sp. Asst. to Atty. Gen., San Francisco, Cal., for appellant.

Samuel L. Crippen & Creighton C. Flynn, Tacoma, Wash., William J. O'Brien, San Francisco, Cal., for appellee.

Before ORR and POPE, Circuit Judges, and CARTER, District Judge.

ORR, Circuit Judge.

Martin W. Firth, deceased, a work-a-way aboard the ill-fated public vessel Clarksdale Victory, lost his life when the vessel ran onto the reefs off Hipps Island, Queen Charlotte Group, B. C. The administratrix of the estate of said deceased, as libellant, brought an action against the United States of America pursuant to the provisions of 41 Stat. 525, 46 U.S.C.A. § 741 et seq. commonly known as the Suits in Admiralty Act; and pursuant to 43 Stat. 1112, 46 U.S.C.A. § 781 et seq. commonly known as the Public Vessels Act. After trial the District Court awarded libellant the sum of $15,000. The United States of America appeals.

The libel alleged, and the answer admitted that at all times material, the deceased was employed on and aboard the Clarksdale Victory and the trial Court found that the deceased was, at the time of the accident, a civilian in the employ of the United States of America as a seaman, towit, a work-a-way, and was upon and aboard the United States Army Transport Clarksdale Victory.

The controlling question presented on appeal is the contention of the United States of America that the trial Court should have granted its motion to dismiss the libel. The motion was made upon the ground that inasmuch as the decedent, at the time of his death, was a civilian employee of the United States, the exclusive recovery for this "service incident" death is under the Federal Employees Compensation Act. 5 U.S.C.A. § 751 et seq. There seems to be no dispute that decedent was a work-a-way. It was so found by the trial Court. A work-a-way has been defined in De Kerchove, International Maritime Dictionary (1948), as follows:

"Workaway. Slang term to denote a person who works his passage on a ship, as distinguished from a stowaway. The workaway is a seaman and a member of the crew. He signs articles."

It is similarly stated in 2 Norris, Law of Seamen (1952), § 654, p. 316:

"A workaway is a stranded or repatriated individual, who signs the articles and agrees to perform some services in exchange for his transportation—invariably for wages at a nominal amount. By signing the articles and becoming a member of the ship's company and being engaged on a vessel in navigation and doing work of a maritime nature he is a seaman, and when injured by reason of his employer's negligence he has a Jones Act remedy." Citing The Tashmoo, D.C. E.D.N.Y.1930, 48 F.2d 366; Buckley v. Oceanic S. S. Co., 9 Cir., 1925, 5 F.2d 545. See Dick v. United States Lines Co., D.C.S.D.N.Y.1941, 38 F.Supp. 685.

Such being decedent's status we think it is clear that he was a seaman employed as a member of the crew and not a passenger "utilizing the Clarksdale Victory as a means of transportation."

Therefore, decedent, at the time of his death, being an employee of the United States on a military transport, was a civilian seaman on a public vessel and his heirs must look to the Federal Employees Compensation Act for relief. "* * * the Federal Employees Compensation

Act is the exclusive remedy for civilian seamen on public vessels." Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 857, 96 L.Ed. 1051, rehearing denied 344 U.S. 848, 73 S.Ct. 5. The heirs have not forfeited their right to compensation under the compensation act and it appears from the record that it will afford them a greater amount than the judgment recovered in the trial court.

The judgment is reversed and the cause remanded to the District Court with instructions to dismiss the libel without prejudice to libellant's right to renew her claim for compensation in accordance with the proviso of § 303(g) of the Act of October 14, 1949, c. 691, 63 Stat. 866, 5 U.S.C.A. § 757 note.