Emil ZOULA and Charles C. STERLING,
v.
**UNITED STATES of America.**
No. 14901.

United States Court of Appeals
Fifth Circuit.
Nov. 24, 1954.

Rehearing Denied Jan. 28, 1955.

Kenneth M. Henson, Frank D. Foley, S. E. Kelly, Jr., B. H. Chappell and Forrest L. Champion, Jr., Foley, Chappell, Kelly & Champion, Kenneth M. Henson, Columbus, Ga., for appellants.

Morton Hollander, Atty., Dept. of Justice, Paul A. Sweeney, Chief Appellate Section, Washington, D. C., Joseph H. Davis, Asst. U. S. Atty., Warren E. Burger, Asst. Atty. Gen., Frank O. Evans, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Having sustained injuries to person and property in an automobile collision on the Fort Benning Military Reservation with an army ambulance as the result of the alleged negligence of its driver, plaintiffs, members of the armed forces in service at the post, sued under the Federal Tort Claims Act, 28 U.S. C.A. §§ 1346, 2671 et seq., to recover therefor.

The causes consolidated for hearing and plaintiffs' and defendant's motions for summary judgment coming on to be heard on affidavits and evidence, the district judge, upon the undisputed facts and for the reasons [1] set out in his

---

1. "On July 19, 1952, the plaintiffs, Emil Zoula and Charles C. Sterling, Jr., were on a tour of military duty at the Fort Benning Military Reservation. These gentlemen occupied the status of students. There were about 150 in their company.

On July 19, 1952, at about one o'clock in the afternoon, while occupying the automobile owned by Sterling and proceeding from the Harmony Church area in the Reservation to the main post, they were run into by a soldier driving an ambulance, and apparently, although not now adjudging, the result of the collision was wholly due to the negligence of the soldier driving the ambulance.

At the time of the collision resulting in the injuries sued for, both the Plaintiffs were dressed in civilian clothes, were on business of their own, going from one part of the Reservation to another, for the purpose of getting a check cashed, a hair-cut, making measurements for some clothes, probably spending the week end in town.

The 150 men composing the company of students, of which these two Plaintiffs were members, had issued to them and accessible to them at all times a Class A pass or Class A passes. The evidence disclosed that these men might have carried these passes on their person; but the rule seems to have been that ordinarily and generally speaking these passes were left at a point but could be picked up by these Plaintiffs and all other members of that company who were not being disciplined at any time after five o'clock in the afternoon of week days and twelve o'clock noon on Saturdays.

They did not have to apply to anyone to obtain these passes. All that was necessary was that they go by, sign a book or a register, giving the place where they were going, and pick up their pass and depart. All 150 in this company had the same privilege except those kept on the bases for disciplinary purposes.

I do not understand that a pass of this type is synonymous with either a furlough or a leave, it being made to appear that a furlough and leave are synonymous except one applied to an enlisted man and the other to an officer. The fundamental difference between a pass and a leave or furlough is that a furlough or leave is a right earned and to which the soldier

memorandum for judgment, denied plaintiffs', and granted defendant's, motion for judgment.

Appealing from the judgments denying them recovery, plaintiffs are here urging upon us that Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L. Ed. 1200, and the district court cases [2] cited by them, as to the personal injuries sustained, and Lund v. United States, D.C., 104 F.Supp. 756, as to the property damages sued for, require a contrary holding.

The United States on its part advancing three propositions [3] and arraying many statutes and decisions in support of them, vigorously urges upon us that the judgments appealed from were correctly entered and should be affirmed.

In respect of the claims for personal injuries, the United States, pointing to the numerous statutes dealing with and providing for administrative compensation, puts forward as its primary reliance the existence of a comprehensive and uniform Federal System of Compensation Benefits for injuries or death of servicemen and the decision in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, holding that the existence thereof precludes resort by servicemen or their dependents to the Federal Tort Claims Act.

To appellants' insistence that the Brooks and not the Feres case is controlling here, appellee replies correctly, we think, that it is the Feres and not the Brooks case which states the generally controlling principles where servicemen are concerned, and that to the extent that the Brooks case is still the law, it should be, and is, confined within the narrow limits of its precise facts.

In respect of the property damage claim of plaintiff Sterling, the United States, citing in support Fidelity-Phenix Fire Ins. Co. of New York v. U. S., D.C., 111 F.Supp. 899–903, relies with

---

is entitled. A pass is simply a privilege that may or may not be accorded him.

The evidence in this case, as well as the facts of the complaints and the affidavits attached, show that the real substantial question is, what was the status of these plaintiffs at the time of their injury? These men, being on a pass status, were still connected with the subject to call at all hours.

It has been made to appear that these plaintiffs and all others of their company occupying like status would be required to return to the base if night problems were involved or would probably not be granted the right to leave. A person on a furlough or leave is not subject to military duty, although he may actually spend the time provided in the furlough or the leave on a military reservation. A person on pass status is required to attend night problems. A person on furlough or leave is not required to attend night problems. The collision that occurred out of which this damage grew happened upon the military reservation.

It is difficult for me to determine what status the personal property damage occupies. It would be almost cruel to prohibit these two young men from recovering for their property damage. Yet I am persuaded to believe that their right to recover is in one lump, and if they cannot recover for their personal injury, they could not recover for their property damage.

It is my judgment, from the evidence in this case, from the facts obtained in the affidavits and from the petitions, that the injuries resulting to these men arose out of or incident to their military service. I, therefore, decline and deny the motion for summary judgment of the Plaintiffs and grant the motion for summary judgment of the United States."

2. Herring v. U. S., D.C., 98 F.Supp. 69; Samson v. U. S., D.C., 79 F.Supp. 406; Brown v. U. S., D.C., 99 F.Supp. 685; Barnes v. U. S., D.C., 103 F.Supp. 51; Snyder v. U. S., D.C., 118 F.Supp. 585.

3. "I. The Existence of a Comprehensive and Uniform Federal System of Compensation Benefits for Injuries or Death of Servicemen Precludes Recovery of Additional Damages Under the Federal Tort Claims Act."

"II. In Any Event There Can Be No Recovery Under the Federal Tort Claims Act of Damages for the Service—Incident Injury of a Member of the Armed Forces."

"III. The Military Personnel Claims Act Remedy Precludes an Action by a Member of the Armed Forces Under the Federal Tort Claims Act for Property Damage Incident to His Service."

equal, if not greater, assurance on the additional reason that the complete and comprehensive system of administrative compensation for property damage sustained by military personnel incident to their service, precludes resort by members of the armed services to the Tort Claims Act for such property damage.

We find ourselves in general agreement with these positions taken by appellee. Of the clear opinion that to the extent that the decision of the Supreme Court in the Brooks case has survived the decision in the Feres case, it must and will be confined strictly to its precise facts, we are of the equally clear opinion that the facts of this case do not bring it within those narrow confines.

■■■ This is to say that only if the majority opinion in the Brooks case can be regarded as laying down the general rule covering the application of the Federal Tort Claims Act to men in the armed forces, and the Feres case a narrow exception to it, could the plaintiffs in this case prevail. It is to say, too, that the undisputed facts in this case bring plaintiffs within the intent and meaning, indeed within the precise language of the Feres case [340 U.S. 135, 71 S.Ct. 159], "The government is not liable under the Federal Tort Claims Act for injuries to servicemen where [as here] the injuries arise out of or are in the course of activity incident to service", for, as the district judge pointed out in his memorandum, while the plaintiffs were in civilian clothes and entitled to a pass, they were still on the post and still "in the course of activity incident to service". Unless, therefore, the carefully chosen words used in the Feres opinion are to be given the confined and unnatural meaning, sought to be attributed to them by ap-

pellants, that to come under the decision, servicemen must be injured as a result of, or while acting under, immediate and direct military orders, it is quite plain that plaintiffs may not recover.

The Supreme Court pointed out in the Feres case, that the benefits currently available under the statutory system developed by congress in the many enactments dealing with and providing for compensating servicemen or their dependents for injury or death in service were not only adequate and comprehensive, but also compared "extremely favorably with those provided by most workman's compensation statutes". Feres v. United States, 340 U.S. 145, 71 S. Ct. 153, 159, 95 L.Ed. 152.

The argument made so much of in, and apparently greatly influencing the dissenting opinion in the Court of Appeals, 4 Cir., 169 F.2d 840, 846, and the majority opinion in the Supreme Court in the Brooks case, that it would be a discrimination against servicemen to deny them the benefits of the Federal Tort Claims Act, congress certainly did not intend to discriminate against servicemen, was, we think, completely demolished in the Feres case.

We think, too, that the opinion in that case and later decisions of the Supreme Court and other courts interpreting and applying the Feres case [4] have deprived of any sound basis the views apparently put forward in Brooks' case, that it would be discrimination against a serviceman to remit him to the compensation provided by congress and that in enacting the Federal Tort Claims Act, congress intended to afford servicemen two remedies against the government.

■■ As to the damage to plaintiff Sterling's automobile, it will be sufficient, without extending this opinion

4. Johansen v. U. S., 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051; Dalehite v. U. S., 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427; Lewis v. U. S., 89 U.S.App. D.C. 21, 190 F.2d 22; Pettis v. U. S., D.C., 108 F.Supp. 500; Sigmon v. U. S., D.C., 110 F.Supp. 906; O'Neil v. U. S.,

92 U.S.App.D.C. 96, 202 F.2d 366; Mandel v. U. S., 3 Cir., 191 F.2d 164; U. S. v. Firth, 9 Cir., 207 F.2d 665; and U. S. v. Meyer, 5 Cir., 200 F.2d 110. Cf. Posey v. Tennessee Valley Authority, 5 Cir., 93 F.2d 726.

further, to say that in our opinion the Military Personnel Claims Act [5] furnishes the exclusive remedy and precludes resort here to the Federal Tort Claims Act.

The judgment was right. It is affirmed.

RUSSELL, Circuit Judge (concurring specially).

In this case there is no occasion to choose between the Brooks case and the Feres case. Under the authority of the Feres case, recovery for injuries sustained incident to the military service is not authorized under the Federal Tort Claims Act. The question presented here is whether the injuries complained of were so sustained. The trial judge found that they were, therefore, since this judgment is adequately supported by the record, it should be affirmed. Being of this view, I do not reach the question of the applicability of the Military Personnel Claims Act.

On Petition for Rehearing

PER CURIAM.

It is ordered that the petition for rehearing in the above entitled and numbered cause be, and it is hereby denied.

On account of illness, Judge RUSSELL took no part in the decision on the motion.