Janet Alene PARKER, Surviving Widow, Individually, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. CA–5–76–58.

United States District Court, N. D. Texas, Lubbock Division.

Oct. 5, 1977.

Claude W. Harland, Bowers, Cotten & Harland, Lubbock, Tex., for plaintiffs.

Kenneth J. Mighell, U. S. Atty., Dallas, Tex., Robert B. Wilson, Asst. U. S. Atty., Lubbock, Tex., for defendant.

## ORDER

WOODWARD, Chief Judge.

The court has received and considered the motion of defendant, United States of America, for summary judgment. After considering the briefs of the parties and various affidavits submitted in the record and oral argument, the court concludes that the motion should be GRANTED.

The question presented is whether the death suffered by plaintiffs' decedent was caused by activity incident to military service.

The following facts of the accident and resultant death of plaintiffs' decedent are uncontradicted. By affidavit, 1 Sgt. Leonard Judd noted that:

"On 28 August 1974, Specialist Five Parker had requested permission to have time off from after normal duty hours on that day until the following Monday to enable him to go home to pack his household goods for eventual shipment to Lovington, New Mexico. To the best of my recollection Specialist Five Parker was driving a vehicle which had apparently been borrowed from a Mr. Neel. Specialist Five Parker's request to accomplish this task was approved by me. This time off was considered to be a pass and not ordinary leave. At the time of the accident, Specialist Five Parker was in a military fatigue uniform."

Judd further observed that Parker was on active duty at the time of the accident, yet was proceeding to his home in McGregor, Texas. Moreover, it is uncontradicted that Parker's accident occurred on the West Range Road on the Fort Hood military reservation, which road is owned and maintained by the United States. Further, Parker was killed while driving a privately owned vehicle when it collided head-on with a military vehicle driven by another member of the military stationed at Fort Hood, Private Ted Peters.

These facts must be applied to the relevant decisional law. The most important case is *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). There the Supreme Court determined that injuries to a serviceman cannot be compensated for under the Tort Claims Act if such injuries arise out of or are in the course of activity incident to service. *Feres* applied a series of three fact situations to this service-connected exception, and, as in this case, each of the three claimants in *Feres* sustained his injuries while on active duty and not on furlough. In the fact situation most analogous to ours, a serviceman was killed when the barracks in which he was sleeping caught fire allegedly because of the negligence of the United States. In concluding that this fact situation came within the Court's exception, the Court, as noted in *Stencel Aero Engineering Corporation v. United States*, 431 U.S. 666, 97 S.Ct. 2054, 52 L.Ed.2d 665 (1977), discussed three factors that caused the unanimous Court to deny a serviceman on active duty recovery under the Tort Claims Act if his injuries resulted from activity incident to military service. It is not necessary that these be discussed in detail here as all of these factors are present insofar as Sgt. Parker's death is concerned. The plaintiffs are receiving substantial sums monthly from the Veterans Administration as benefits to which they are entitled under the Veterans' Benefits Act, the relationship between Parker and the military is distinctly federal in character, and there exists here that special relationship between a soldier and his superiors, all of which the Court found present in *Feres*. This Court must only determine if his death was caused by activity incident to military service.

The plaintiffs forcibly argue that under these facts the law entitles the plaintiffs to recover their damages from the Government because his death was not sustained while engaged in activities incident to the military service. *Brooks v. U. S.*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949) is cited as authority for plaintiffs' position. However, in that case, Brooks was on furlough, as distinguished from a weekend pass, was traveling with members of his family on a public highway and off the base when the accident in that case occurred. The United States Court of Appeals for the Fifth Circuit in *Zoula v. United States*, 217 F.2d 81, 84 (5th Cir. 1955) has interpreted the Supreme Court of the United States in *Feres v. United States, supra*, to limit the holding of *Brooks* to those precise facts and requires that the jury or damage complained of must not have resulted from activity incident to military service in order to support a claim under the Federal Tort Claims Act. *Parker's* case is one which *Feres* refers to as being a "wholly different case" reserved from the Court's decision in *Brooks*.

The principal difference between *Brooks* and the facts of this case is that Brooks was on furlough while Parker had been issued a week-end pass. As hereinafter discussed, this difference is sufficient to bring *Parker's* case within the fact situation under consideration in *Feres* rather than that fact situation decided by *Brooks*. While Parker's pass entitled him to leave the base for the weekend, he was on active duty and subject to military orders as fully as were the *Feres* claimants who were asleep in the barracks or undergoing surgery when the negligent acts allegedly occurred.

Both parties to this case have cited authorities in support of their position that Mr. Parker either was or was not engaged in an activity incident to military service on the occasion in question. These authorities appear to be conflicting but the court is of the opinion that the law in the Fifth Circuit should control and that the case of *Zoula v. United States, supra*, is most persuasive of the prevailing law in this Circuit.

In *Zoula* the plaintiff was one of 150 students on a tour of military duty at the Fort Benning Military Reservation. While dressed in civilian clothes and going on business of their own from one part of a reservation to another (to get a check cashed, etc.) the injury occurred. The plaintiffs who were driving in their own automobile had issued to them and accessible to them at all times a Class A pass. The

District Court found that a pass is simply a privilege that may or may not be accorded to a soldier and it was not synonymous with either a furlough or a leave, thus distinguishing the case from *Brooks, supra.* This holding was approved by the Fifth Circuit and Chief Judge Hutcheson held that this fact situation came within the ruling of *Feres, supra,* and further approved the District Judge's holding that "while the plaintiffs were in civilian clothes and entitled to a pass, they were still on the post and still 'in the course of activity incident to service'." *Zoula* is factually akin to the case here under consideration and the holding of that case must be applied here.

The Supreme Court in *Feres* and the United States Court of Appeals for the Fifth Circuit in *Zoula* have each emphasized "that the benefits currently available under the statutory system developed by Congress in the many enactments dealing with and providing for compensating servicemen or their dependents for injury or death in service were not only adequate and comprehensive, but also compared 'extremely favorably with those provided by most workman's compensation statutes'." *Zoula, supra,* at 84.

The substantial benefits received by plaintiffs in this case, together with all other facts and circumstances surrounding Mr. Parker's status at the time of his death, compel the decision here made in favor of the Government.

The court finds that there are no material issues of fact in dispute, and accordingly, the defendant's motion for summary judgment will be GRANTED.