Mark E. MASON, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 77–2632

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 2, 1978.

Donald B. Dailey Jr., Corpus Christi,
Tex., for plaintiff-appellant.

Sula Baye, Asst. U. S. Atty., J. A. Ca-
nales, U. S. Atty., Helen M. Eversberg,
Asst. U. S. Atty., Houston, Tex., for defend-
ant-appellee.

Before MORGAN, CLARK, and TJOF-
LAT, Circuit Judges.

PER CURIAM:

Mark Mason, a petty officer in the United
States Navy, filed suit against the United
States under the Federal Tort Claims Act,
28 U.S.C.A. § 2671 *et seq.*, to recover dam-
ages for bodily injuries alleged to have been
caused by the negligence of a Navy seaman.
Mason was injured when the motorcycle he
was driving was struck by a car driven by
Fredrick Frazier, a seaman who was on
active duty and acting within the scope of
his duties. The accident occurred on the
grounds of the Naval Air Station at Corpus
Christi, Texas. At the time of the accident
Mason was on active duty rather than fur-
lough. He had been relieved from his rou-
tine naval duties, however, and was tending
to personal business on his way home. The
district court reluctantly granted summary
judgment for the United States on the basis
that the injury was "incident to service"
within the meaning of *Feres v. United
States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed.
152 (1950), and its progeny.

Whether a serviceman can main-
tain an action under the Federal Tort
Claims Act depends upon whether the inju-
ries arose out of activity incident to service.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir.,
1970, 431 F.2d 409, Part I.

*Compare Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949) (the government may be liable under the Federal Tort Claims Act if a serviceman is injured while engaged in activity not incident to service), *with Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) ("the government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service"). In *Zoula v. United States*, 217 F.2d 81 (5th Cir. 1954), this circuit read *Feres* as limiting *Brooks* to its facts and held that active-duty servicemen involved in an automobile accident on the military base were engaged in activity incident to service. At the time of the accident, the servicemen were dressed in civilian clothes and were tending to personal business in preparation for a weekend pass. Although the Supreme Court two weeks later recognized the continuing validity of *Brooks, United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), recent cases indicate that the holding of *Zoula* is still valid precedent. *See Thomason v. Sanchez*, 539 F.2d 955 (3d Cir. 1976); *Camassar v. United States*, 400 F.Supp. 894 (D.Conn. 1975), *aff'd* 531 F.2d 1149 (2d Cir. 1976); *Coffey v. United States*, 324 F.Supp. 1087 (S.D.Calif.1971), *aff'd* 455 F.2d 1380 (9th Cir. 1972); *cf. Shults v. United States*, 421 F.2d 170 (5th Cir. 1969) (serviceman's death allegedly caused by medical malpractice in treating injuries resulting from an off-base accident while the serviceman was on 48-hour liberty arose out of and in the course of activity incident to service since he would not have been in the Navy hospital but for his military status). *But see Downes v. United States*, 249 F.Supp. 626 (E.D.N.C.1965). Since Mason was both on active duty status and on the premises of the Naval Air Station at the time of the accident, he was engaged in activity incident to service. That he had been relieved from his routine duties is not determinative. While on active duty and on the base, Mason was still subject to all military regulations and discipline and was readily available for emergency service or temporary duties.

AFFIRMED.