Dwayne G. WARNER,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 83–1369
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 1983.

---

Robert E. Hedicke, El Paso, Tex., for plaintiff-appellant.

Mark M. Greenberg, Asst. U.S. Atty., El Paso, Tex., for defendant-appellee.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

■ The district court rendered summary judgment in favor of the government, dismissing a claim made under Federal Tort Claims Act, 28 U.S.C. § 1346(b), on the ground that the plaintiff, a soldier on active duty at the time of his injury, was barred from recovery because the injury he sustained was incident to his military service. We affirm the judgment, concluding that an injury suffered on a military base by a serviceman on private business during normal duty hours but during a period when he had been given permission to take the day off is incident to his military service and that no remedy is afforded by the Act.

Dwayne G. Warner was an enlisted man in the United States Army, stationed at Fort Bliss. One morning his sergeant gave him permission to take the remainder of the day off. Warner left his duty assignment shortly before noon and proceeded to the residence of a friend in order to repair his own automobile. Upon discovering that he needed some auto parts, Warner rode his motorcycle back to the Fort Bliss military base to obtain the parts at the auto craft store on the base. After he had returned to the base but before he had reached the store, he was injured when his motorcycle collided with an automobile driven by a federal employee as a result of the automobile driver's alleged negligence.

■ The Government is not liable under the Federal Tort Claims Act for injuries to servicemen that arise out of or occur "in the course of activity incident to service." *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152, 161 (1950). *Feres* distinguished the situation of a soldier who was injured off the base while on furlough. In that situation, the Act was applicable. *Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949). As the opinion in *Feres* indicates, the primary factor in a case of this nature is the serviceman's duty status at the time of the accident; the case also noted the nature of the activity in which he is engaged and the location of the accident.

In *Zoula v. United States,* 217 F.2d 81 (5th Cir.1954), we denied recovery to servicemen who were injured on their base in an accident involving a government vehicle. At the time of the collision, the plaintiffs were dressed in civilian clothes, were on business of their own, and were going from one part of the base to the other. They were entitled to passes that would have permitted them to leave the base but had not obtained the passes at the time of the accident. Although the servicemen were in civilian clothes and conducting personal business, their claims were barred because they were on the post and still in the course of activity incident to service. 217 F.2d at 84.

Warner argues that *Zoula* "is a remarkable example of the misreading of the *Feres* doctrine." *Zoula,* however, remains the law of this Circuit, having been cited with approval in *Mason v. United States,* 568 F.2d 1135 (5th Cir.1978) and *Parker v. United States,* 611 F.2d 1007 (5th Cir.1980).

Warner contends that he was not involved in an activity incident to his military duties at the time of the accident, and that, therefore, the *Feres* doctrine does not bar his claim. In support of his argument, he cites *Parker v. United States, supra.* Parker had requested and received permission to be absent from duty from the end of his normal duty hours on August 28, 1974, until September 2, 1974. After he had finished work on the 28th and was en route home on this leave, but was still on the military base,

he was injured in an accident with a vehicle driven by another serviceman and subsequently died. We held that Parker was not engaged in any activity incident to his military service because he "was not directly subject to military control; he was not under the compulsion of military orders; he was not performing any military mission. Parker was not even attending to person affairs, such as shopping, or engaging in activities arising from life on the base, such as recreational activities. Parker was merely passing through the base on his way home." 611 F.2d at 1014. Parker's four-day right to be absent resembled the furlough in *Brooks.*

Warner, however, had only an afternoon free. As we stated in *Parker:* "One with only an unexercised right to a pass or *who is only off duty for the day usually is held to be acting 'incident to service.'*" 611 F.2d at 1013 (emphasis added). Moreover, unlike Parker, Warner was engaged in shopping on the base.

In a number of other cases, we have held incident to service activities such as those in which Warner was engaged if they occurred during brief off-duty periods. In *Mason v. United States, supra,* the serviceman had been relieved from his routine naval duties and was tending to personal business on his way home. We held that, since Mason was both on active-duty status and on the premises of the Naval Air Station at the time of the accident, he was engaged in activity incident to service. The court emphasized that, although Mason had been relieved of his routine duties, he was still on active duty and on the base, and thus, "he was still subject to all military regulations and discipline and was readily available for emergency service or temporary duties." 568 F.2d at 1136.

Again in *Watkins v. United States,* 462 F.Supp. 980 (S.D.Ga.1977), *aff'd,* 587 F.2d 279 (5th Cir.1979), we held that a serviceman who was fatally injured on a military base after he had left an Army softball practice was acting incident to service because he was an active-duty serviceman and on the military base at the time of his injury.

Although Warner was attending to his personal affairs when the accident occurred, he was still on active duty. Clearly, his presence on the military base was by virtue of his military status as in *Mason, Zoula,* and *Watkins.* The fact that he had been relieved of duty for the rest of the day does not mean that he was in off-duty status as were the servicemen in *Brooks* (furlough) or *Parker* (four-day leave). Instead he had merely been released temporarily like the serviceman in *Mason* (relieved from duties for the day), *Zoula* (unexercised right to passes) and *Watkins* (off duty in the evening).

Because no material factual issue existed concerning the applicability of the *Feres* doctrine and the district court correctly applied the law to the facts in granting summary judgment to the United States, we AFFIRM.