Norris **FLOWERS** and Loumerrell **Flowers, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 84–3384.

United States Court of Appeals, Eleventh Circuit.

July 1, 1985.

---

Stanley Bruce Powell, Niceville, Fla., for plaintiffs-appellants.

Michael P. Finney, Asst. U.S. Atty., Pensacola, Fla., for defendant-appellee.

Before RONEY and TJOFLAT, Circuit Judges, and BROWN[*], Senior Circuit Judge.

RONEY, Circuit Judge:

Norris Flowers was a sergeant on active duty in the United States Air Force stationed at Eglin Air Force Base, Florida. When driving his civilian automobile home from a personal errand to the grocery store during his off-duty hours, he collided with a United States Air Force bus driven by an Air Force employee who was attempting to make an improper U-turn. Injured in the accident, Flowers sued the United States for the negligence of an Air Force employee under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 1346(b). The district court concluded that it lacked subject matter jurisdiction over Flowers' claim under *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). We affirm.

The Federal Tort Claims Act permits civil actions against the United States

for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C.A. § 1346(b).

Beginning in 1948, the Supreme Court judicially created an exception, known as the *Feres* doctrine, precluding FTCA claims brought for injury to a member of the armed forces whose activity at the time of the injury is "incident to military service." *United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954); *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1948). The cases that have applied this doctrine are somewhat confusing, particularly as the courts have tried to anchor the doctrine to some dependable rationale.

In *Parker v. United States*, 611 F.2d 1007 (5th Cir.1980), this Court followed what has generally been accepted as the proper factual analysis that should be made in these cases, focusing on three factors that must be weighed to determine whether a serviceman was engaged in activity "incident to military service" at the time he was injured: the duty status of the service member, the place where the injury occurred, and the activity the serviceman

[*] Honorable John R. Brown, United States Circuit Judge for the Fifth Circuit, sitting by designation.

was engaged in at the time of his injury. *Id.* at 1013–15.

We can decide this case without extended analysis. A chart of all the cases cited, showing each of these three factors, indicates that in every case where the facts were virtually the same as the case at bar, the court has held the *Feres* doctrine bars the action. We are attaching the chart as an appendix to this opinion so that counsel can observe the result of this kind of comparison.

In *Mason v. United States,* 568 F.2d 1135 (5th Cir.1978), *Zoula v. United States,* 217 F.2d 81 (5th Cir.1954), and *Watkins v. United States,* 462 F.Supp. 980 (S.D.Ga. 1977), *aff'd,* 587 F.2d 279 (5th Cir.1979), the *Feres* doctrine was applied to bar the claims of active but off-duty service members who, like Flowers, were injured in collisions with military vehicles on a military reservation while engaged in personal business.

Flowers has cited no case with identical factors to his case which held the suit to be maintainable. In the case before us, the district court found that Flowers was on active duty with the Air Force at the time of his accident, which occurred when he was off duty for the day. Flowers' duty status was thus identical to that of the servicemen in *Mason, Watkins,* and *Zoula.*

Flowers' accident occurred at or near the intersection of Florida State Road 85 and Loblolly Road. State Road 85 is a public highway maintained and policed by the State of Florida but running across federally-owned Eglin Air Force Base reservation property. Loblolly Road runs from State Road 85 to Government-owned housing on the base. The intersection of State Road 85 and Loblolly Road, as well as all property within a radius of approximately one-half mile, is owned by the Department of the Air Force. Although the state and the military have concurrent jurisdiction over the road at that location, the driver of the Air Force bus that collided with Flowers was charged with a state traffic violation rather than a military violation. The state, however, only has an easement for the road across the federal property, and the Air Force retains a right to exercise complete control over the area if necessary.

In *Mason, Watkins,* and *Zoula,* the servicemen were injured in automobile accidents on roads within the confines of a military base. These decisions noted that military personnel are subject to military regulations and available for emergency service or temporary duty while on the military base, facts which add support to a court's determination that the servicemen were acting "incident to military service." *See Mason,* 568 F.2d at 1136; *Zoula,* 217 F.2d at 84; *Watkins,* 462 F.Supp. at 988. Similarly, Flowers' accident occurred on a road which, although open to the public, was within military reservation property. Flowers cites no cases which distinguish among roads running across military reservation property on the basis of whether or not the general public has access.

Flowers' collision occurred while he was driving home after a personal trip to the grocery store. *Mason, Watkins,* and *Zoula* all barred the claims of servicemen who were engaged in purely personal activities during their off-duty hours when they were injured. Flowers' activity at the time of his accident, although personal, arose out of his life on the military reservation as did the activities in *Mason, Watkins,* and *Zoula.*

█ It would not be useful to discuss the fine distinctions between these three cases and the other *Feres* doctrine cases. *Stare decisis* means that like facts will receive like treatment in a court of law. This panel may not disregard binding precedent absent an intervening Supreme Court or *en banc* circuit decision. *Monroe County, Florida v. U.S. Dept. of Labor,* 690 F.2d 1359, 1363 (11th Cir.1982).

█ *Mason, Zoula* and *Watkins* are all Fifth Circuit cases which are binding in this court. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981). There is no principled way to decide that the action here can be maintained in the face of those cases. The case was properly dismissed as being barred under the *Feres* doctrine.

AFFIRMED.

## APPENDIX