

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-1999

# Richards v. USA

Precedential or Non-Precedential:

Docket 98-7235

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Richards v. USA" (1999). *1999 Decisions.* Paper 185.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/185

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 30, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-7235

SHAMMARA RICHARDS, Individually and as Personal
Representative of the ESTATE of Charles A. Richards, Jr.,
and as Guardian and next of Kin of SHANEE A.
RICHARDS and CHARLES RICHARDS,

      Appellant,

v.

UNITED STATES OF AMERICA

PRESENT: BECKER, Chief Judge, SLOVITER,
MANSMANN, GREENBERG, SCIRICA, NYGAARD, ALITO,
ROTH, LEWIS, McKEE, RENDELL, and GARTH,*
Circuit Judges.

SUR PETITION FOR REHEARING

The petition for rehearing filed by the appellant in the
above-entitled case having been submitted to the judges
who participated in the decision of this court and to all
other available circuit judges in regular active service, and
no judge who concurred in the decision having asked for
rehearing, and a majority of the circuit judges in regular
active service not having voted for rehearing by the court en
banc, the petition for rehearing is denied.

_____

* Judge Garth's vote is limited to panel rehearing only.

BY THE COURT,

/s/Timothy K. Lewis
Circuit Judge

DATED: June 30, 1999

RENDELL, Circuit Judge, dissenting:

This case presents yet another compelling argument for the abandonment of the Feres doctrine. Feres represents more than a "bad estimation[ ]" of what Congress intended to do (but did not do), in the Federal Tort Claims Act. See United States v. Johnson, 481 U.S. 681, 695 (1987) (Scalia, J., dissenting), for it is also being employed by many courts on a regular basis to deny a military employee's recovery, and to prevent the government's accountability, for injuries sustained in connection with essentially civilian activities wholly unrelated to military service. See, e.g. , Flowers v. United States, 764 F.2d 759, 760 (11th Cir. 1985); Warner v. United States, 720 F.2d 837 (5th Cir. 1983); Mason v. United States, 568 F.2d 1135 (5th Cir. 1976).

We have participated in this travesty, not only in this case, but also in another recent case in which we applied Feres, O'Neill v. United States, 140 F.3d 564, 565 (3d Cir. 1998) (Becker, J. dissenting from denial of petition for rehearing) ("it is difficult for me to imagine anything less incident to service than being attacked by an ex-lover while sitting at home watching a movie with a friend.")

I agree with Chief Judge Becker's dissent in that case, and also with Justice Scalia's words in dissenting from the majority opinion in United States v. Johnson:

> The Feres Court claimed its decision was necessary to make "the entire statutory system of remedies against the Government . . . a workable, consistent and equitable whole." 350 U.S., at 139, 71 S. Ct. at 156. I am unable to find such beauty in what we have wrought.

Id. at 2074.

I urge the Supreme Court to grant certiorari and revisit what we have wrought during the nearly fifty years since the Court's pronouncement in Feres.

Chief Judge Becker and Judges Nygaard and McKee join in this dissent.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit