RENDELL, Circuit Judge,
dissenting:
This case presents yet another compelling argument for the abandonment of the Feres doctrine. Feres represents more than a “bad estimation[ ]” of what Congress intended to do (but did not do), in the Federal Tort Claims Act. See United States v. Johnson, 481 U.S. 681, 695, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987) (Scalia, J., dissenting), for it is also being employed by many courts on a regular basis to deny a military employee’s recovery, *565 and to prevent the government s accountability, for injuries sustained in connection with essentially civilian activities wholly unrelated to military service. See, e.g., Flowers v. United States, 764 F.2d 759, 760 (11th Cir.1985); Warner v. United States, 720 F.2d 837 (5th Cir.1983); Mason v. United States, 568 F.2d 1135 (5th Cir.1978).
We have participated in this travesty, not only in this case, but also in another recent case in which we applied Feres, O’Neill v. United States, 140 F.3d 564, 565 (3d Cir.1998) (Becker, J. dissenting from denial of petition for rehearing) (“it is difficult for me to imagine anything less incident to service than being attacked by an ex-lover while sitting at home watching a movie with a friend.”)
I agree with Chief Judge Becker’s dissent in that case, and also with Justice Scalia’s words in dissenting from the majority opinion in United States v. Johnson:
The Feres Court claimed its decision was necessary to make “the entire statutory system of remedies against the Government ... a workable, consistent and equitable whole.” 340 U.S. at 139, 71 S.Ct. at 156. I am unable to find such beauty in what we have wrought.
Id. at 2074.
I urge the Supreme Court to grant cer-tiorari and revisit what we have wrought during the nearly fifty years since the Court’s pronouncement in Feres v. U.S., 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152.
Chief Judge Becker and Judges Ny-gaard and McKee join in this dissent.