United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20354

MICHAEL L. GROS, M.D.; JANIE GROS; ANDREW MICHAEL GROS; and
THOMAS ALAN GROS,

Plaintiffs-Appellants,

versus

THE UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
D.C. No. 4:04-CV-04665

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants Michael L. Gros ("Gros") and his wife, Janie Gros, appeal the

district court's dismissal of their claims on the grounds that the *Feres* doctrine bars suit.

We affirm.

The district court held that Gros's tort claims and all derivative claims were barred

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

because Gros's injuries arose from activity incident to service. Under the *Feres* doctrine, "[t]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen that arise out of or occur 'in the course of activity incident to service.'" *Warner v. United States*, 720 F.2d 837, 838 (5th Cir. 1983) (quoting *Feres v. United States*, 340 U.S. 135, 146, 71 S. Ct. 153, 159 (1950)). We consider three factors to determine whether a suit is barred: 1) the duty status of the plaintiff at the time of the incident; 2) whether the incident occurred on or off the base; and 3) the plaintiff's activity at the time of the injury. *Parker v. United States*, 611 F.2d 1007, 1013–14 (5th Cir. 1980).

In this case, Gros has alleged that he was exposed to toxic chemicals while showering or drinking water at his home on the base. With respect to the first factor, Gros claims that his injuries occurred during his off-duty hours, but while he was on active-duty status, not on furlough. As for the second factor—whether the accident at issue occurred on or off the base—Gros's injuries arose from activities that took place on the base, at Gros's home. The third factor to consider is "what [the plaintiff] was doing at the time he was injured." *Id.* at 1014. Gros was allegedly engaged in personal activities when he was exposed to the toxic chemical.

We have previously held that the *Feres* doctrine bars suit when the injuries arose on base while plaintiffs were off-duty and attending to personal activities. *See, e.g., Warner*, 720 F.2d at 839; *Mason v. United States*, 568 F.2d 1135, 1136 (5th Cir. 1978);

2

*Zoula v. United States*, 217 F.2d 81, 84 (5th Cir. 1955). Indeed, as the district court noted, there is little to distinguish this case from *Feres* itself. In *Feres*, the Supreme Court held that a serviceman was acting incident to service when he was killed in a fire while off-duty and sleeping in his barracks. *Feres v. United States*, 340 U.S. 135, 71 S. Ct. 153 (1950). Gros attempts to distinguish *Feres* by noting that Gros's injuries accumulated over a period of time, rather than all at once. We fail to see the materiality of that difference. Because Gros was on active duty status and on base when his injuries occurred, similar to the plaintiff in *Feres*, his injuries were incident to service and his suit is barred.[1]

AFFIRMED.

---

[1]Because we hold that Gros's suit is barred, we do not reach the second issue raised by the parties: whether a request for a public fund for medical monitoring is barred by the Federal Tort Claims Act.