# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30266
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

TIMOTHY LOGAN CHANDLER,

        Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; NATHANIEL B. GREENE, SR.,

        Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-2553

Before JONES, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Timothy Logan Chandler appeals from the district court's dismissal of his negligence claim under the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction. For the reasons explained below, we AFFIRM.

## I. Background

On January 19, 2012, Chandler injured his knee while playing paintball at the Fort Polk Morale Welfare & Recreation ("MWR") Outdoor Recreation Range. The United States owns and operates the MWR facility, and Nathaniel

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

B. Greene, Sr., maintained the property as a civilian employee of the United States. At the time of his injury, Chandler was stationed at Fort Polk on active duty in the United States Army. He had recently returned from a combat tour of duty in Afghanistan and was required to participate in training called Warrior Adventure Quest ("WAQ"), which is a military program designed to help reintegrate soldiers upon their return from combat duty.

Chandler was on duty the day of his injury. He was subject to accountability formation at both the beginning and end of the day to ensure that soldiers were at their place of duty. Although soldiers were excused from physical training that morning, for the rest of the day they were required to attend an event informally referred to as a "fun day." The officer-in-charge testified that the purpose of this event was to help reintegrate soldiers returning from a combat environment. Failure to appear at the event or leaving without permission would have resulted in disciplinary action.

However, this was not a normal event. While at the event, soldiers were offered several outdoor activities to participate in, including paintball, but no one was required to participate in any of the activities. As the officer-in-charge that day explained, soldiers would have been at their place of duty even if they chose to sit under the awning all day. Moreover, soldiers were permitted to wear civilian clothes and there were plans to grill food. The event was initially for soldiers only, but, because of the event's relaxed nature, the officer-in-charge elected to allow soldiers to invite their families to attend, observe, and participate.

The officer-in-charge for the day also attested that the event was considered United States Army training because it was "pushed down from higher as part of the soldier['s] development," was on the training calendar, and had an officer-in-charge appointed for it. He further testified that he was responsible for ensuring 100 percent accountability of all soldiers, maintaining

all soldiers at the MWR, and administering the safety and activities for the day.  He appointed a non-commissioned officer for each activity to ensure the safety of each event by checking for unsafe conditions, making sure people were wearing protective gear and not engaging in foul play, and serving as a point of contact for emergencies.

Chandler voluntarily decided to play paintball and injured his knee on a post sticking out of the ground.  He filed suit against both the United States and Greene, alleging negligence under the FTCA.  The district court found that Chandler was injured while on base and on duty performing an activity that promoted the unique military purpose of reintegrating soldiers returning from combat, and dismissed Chandler's claim under the *Feres* doctrine for lack of subject matter jurisdiction.  Chandler now appeals the district court's judgment.

## II.  Standard of Review

The FTCA grants federal courts jurisdiction to hear tort claims against the United States government.  28 U.S.C. § 1346.  The *Feres* doctrine, however, provides an exception to this jurisdictional grant "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950).  Claims barred under the *Feres* doctrine are appropriately dismissed for want of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *See Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1156–60 (5th Cir. Unit B Mar. 1981).  "When reviewing a dismissal for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 336 (5th Cir. 2012).

## III.  Discussion

To determine whether a service member's injury was incident to military service, we consider three factors: "(1) duty status, (2) site of injury, and

(3) activity being performed." *Regan v. Starcraft Marine, LLC*, 524 F.3d 627, 637 (5th Cir. 2008). A service member's duty status is generally the most important factor. *Schoemer v. United States*, 59 F.3d 26, 28–29 (5th Cir. 1995). The significance of a service member's duty status at the time of injury depends on where it falls "on a continuum between performing the tasks of an assigned mission to being on extended leave from duty." *Regan*, 524 F.3d at 637. "[O]ne who is on active duty and on duty for the day is acting 'incident to service,'" but one who "has been discharged from the service . . . [is] normally not [acting] 'incident to service.'" *Parker v. United States*, 611 F.2d 1007, 1013 (5th Cir. 1980). "Between these extremes are degrees of active duty status ranging from furlough or leave to mere release from the day's chores." *Id.* "One . . . who is only off duty for the day usually is held to be acting 'incident to service.'" *Id.* On the other hand, one who is off-post and on a two-day pass at the time of injury "is sufficiently far from core concerns of *Feres* as to . . . weigh in favor of allowing suit." *Regan*, 524 F.3d at 640.

No one disputes that Chandler's injury occurred on the premises of Fort Polk. Chandler's primary argument is that he was not on duty at the time of his injury because the paintball game was a voluntary activity that involved civilians. The district court did not err in finding otherwise. It is undisputed that Chandler was ordered to be present for a military-sponsored and controlled event and was not at liberty to leave without authorization. Both Chandler's platoon leader and the officer-in-charge testified that this event was Chandler's place of duty on the day of his injury. At the end of the day, soldiers were required to report for accountability formation to ensure that everyone was at their place of duty. These facts support the district court's finding that Chandler's injury occurred while on duty. Even assuming, arguendo, that Chandler was not on duty for the paintball activity, this would at best constitute a temporary suspension from duty for part of the day, which

still weighs in favor of barring his suit under the *Feres* doctrine. *See Parker*, 611 F.2d at 1013.

Chandler also disputes whether this event qualified as WAQ training. We need not resolve this question. The district court determined that this event supported the WAQ's reintegration process and this fact finding is supported by the record. Although family members were permitted to attend and participate, the evidence supports the district court's fact finding that civilian participation promoted the event's unique military purpose of reintegration. We recently affirmed a district court's application of the *Feres* doctrine under factually analogous circumstances. *See Morris v. Thompson*, 852 F.3d 416, 418, 421 (5th Cir.) (applying the *Feres* doctrine to bar a suit related to injuries sustained "on Randolph Air Force Base during a military training function" that was "designed to foster camaraderie and serve team-building purposes"), *cert. denied*, 86 U.S.L.W. 3153 (2017); *see also Costo v. United States*, 248 F.3d 863, 868 (9th Cir. 2001) ("In a range of factual situations, the courts of appeals have held that recreational activities sponsored by the military fall within the *Feres* doctrine." (collecting cases)).

Furthermore, even if Chandler was injured while performing a personal activity, the circumstances of his injury would still weigh in favor of applying the *Feres* doctrine because the injury occurred while he was both on base and on duty for the day. *See Gros v. United States*, 232 F. App'x 417, 418–19 (5th Cir. 2007) (applying the *Feres* doctrine to bar a suit related to toxic chemical exposure while a service member was at home during off-duty hours because he "was on active duty status and on base when his injuries occurred");[1] *Warner v. United States*, 720 F.2d 837, 838 (5th Cir. 1983) ("[A]n injury suffered on a military base by a serviceman on private business during normal

---

[1] Although *Gros* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

duty hours but during a period when he had been given permission to take the day off is incident to his military service . . . ."); *Mason v. United States*, 568 F.2d 1135, 1136 (5th Cir. 1978) (applying the *Feres* doctrine to bar a suit related to an automobile accident  that occurred while running personal errands on the way home from routine naval duties because the service member "was both on active duty status and on the premises of the Naval Air Station at the time of the accident"); *Zoula v. United States*, 217 F.2d 81, 82 n.1, 84 (5th Cir. 1954) (similar to *Mason*).

Chandler maintains that our decision in *Regan* should control the outcome of this case.  In *Regan* we declined to apply the *Feres* doctrine to bar a suit related to a purely voluntary off-base, off-duty recreational activity unrelated to any direct military purpose.  *See Regan*, 524 F.3d at 637–46. Those circumstances are not present here.  Chandler's injury occurred while he was on base and on duty during an official military event to help reintegrate soldiers returning from combat.

Accordingly, we AFFIRM the district court's judgment dismissing Chandler's claim for lack of subject matter jurisdiction under the *Feres* doctrine.